47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John FUNARI, Petitioner-Appellant,
v.
OHIO ADULT PAROLE AUTHORITY, Respondent-Appellee.
 No. 94-3781.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1995.
 
 Before: JONES, CONTIE and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 John Funari, an Ohio parolee represented by attorney Paul Mancino, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Funari was convicted by a jury of one count of aggravated trafficking in drugs for which he received a sentence of three to fifteen years of incarceration (three years of actual incarceration), one count of drug abuse for which he received a sixty day sentence, and one count of possession of criminal tools for which he received a one and one half years sentence, all the sentences to be served concurrently. Funari is currently out on parole. Petitioner has exhausted his available state court remedies.
 
 
 3
 Funari filed his petition for a writ of habeas corpus raising the following seven grounds for relief:
 
 
 4
 1. The trial court erred in refusing to return his bond money;
 
 
 5
 2. The trial court erred by giving an improper jury instruction as to the bulk amount of the controlled substances;
 
 
 6
 3. The trial court erred by allowing the prosecution to comment on the fact that the defendant did not testify in his own behalf at trial;
 
 
 7
 4. The trial court erred by admitting improper evidence with no opportunity to cross examine witness concerning this evidence;
 
 
 8
 5. The trial court erred by not taking corrective action to return forfeited property to the petitioner;
 
 
 9
 6. There was insufficient evidence to support his conviction; and
 
 
 10
 7. Counsel rendered ineffective assistance.
 
 
 11
 A magistrate judge recommended that Funari's first, second and fifth claims listed above were subject to procedural default because Funari did not present these claims as federal constitutional claims in the state courts. The magistrate judge further found that Funari's second, third and fourth claims were barred from federal habeas corpus review because they were based on adequate and independent state procedural grounds and that Funari had not shown cause to excuse the defaults and prejudice resulting therefrom. He also found that Funari's sixth and seventh claims were frivolous. After de novo review, the district court adopted the magistrate judge's report and recommendation and dismissed the case.
 
 
 12
 On appeal, Funari continues to argue the merits of his case. Because his attorney did not request oral argument, it is deemed waived pursuant to Sixth Circuit Rule 9(d). The respondent has specifically waived oral argument.
 
 
 13
 Upon review, we affirm the district court's judgment for the reasons set forth in the magistrate judge's report, as adopted by the district court in its memorandum and opinion filed May 18, 1994, and because Funari was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 14
 This court will not consider petitioner's claims one through five listed above because Funari did not comply with a state procedural rule at the time of trial (failure to object at trial to claims two, three and four listed above) and because he only argued claims one, two and five as state law claims in the state courts and not as federal constitutional issues. Where a defendant fails to comply with a state procedural rule, federal habeas review is contingent upon a showing of cause to excuse the default and actual prejudice resulting therefrom. Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). Funari has not demonstrated cause and actual prejudice to excuse the defaults. Furthermore, this is also not an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent; thus, habeas relief need not be granted to prevent a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Funari is not entitled to habeas relief on his first five claims.
 
 
 15
 As to his sixth claim, there was sufficient evidence to support Funari's conviction. After viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). As to Funari's seventh claim, in order to find ineffective assistance of counsel, Funari must show that counsel's performance was deficient and that the deficiency prejudiced his defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). We conclude that counsel rendered effective assistance.
 
 
 16
 Accordingly, we affirm the district court's judgment.